## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

IN RE:

**Roberto Fernandez and**
**Gladys Fernandez**

    **Debtor(s).**

                            **CASE NO. 09-25510-RBR**
                            **CHAPTER 7**

_____/

### MOTION FOR RELIEF FROM STAY

**"Any interested party who fails to file and serve a written response to this motion within 15 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion."**

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, JPMORGAN CHASE BANK N.A. ("Movant"), its successors and/or assigns, seeking modification of the automatic stay pursuant to § 362(d)(1) and (d)(2) of the Bankruptcy Code and would show the Court as follows:

    1.    On July 29, 2009, Roberto Fernandez and Gladys Fernandez ("Debtor" as used herein shall include both Debtors in a joint case), filed for relief under Chapter 7 of the U.S. Bankruptcy Code.

    2.    Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362, and Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

    3    On September 22, 2008, the Circuit Court entered a Final Summary Judgment of Foreclosure (the "Final Judgment") in favor of Movant as to the property described in paragraph four (4) below. Movant is entitled to enforce the Final Judgment. Said Final Judgment and Assignment(s), if applicable, are attached hereto as Exhibit "A".

    4.    The Debtor has not declared the following described property as exempt:

**LOT 218, BLOCK 2, SECTOR 2 - PARCELS 21B, 22, 23, AND 24,**

**ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 168, PAGE 7, PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**
**a/k/a 1521 Winterberry Lane, Fort Lauderdale, FL  33327-2336.**

5	The Trustee abandoned any interest in the property on September 8, 2009.

6.	The Debtor is in default.  The last payment received was applied to the December 08, 2007 payment.  In the event the Debtor elects to make payments, Movant's payment address is Department G7  3415 Vision Drive, Columbus, OH  43219.

7. As set forth in the Final Judgment attached to this Motion, Movant's payoff is in excess of $161,960.10 and its indebtedness continues to accrue interest.

8.	According to the Debtor(s) Schedule D, the value of the property is $424,770.00.

9.	When considering other liens in the amount of $499,999.59, as set forth in the Debtor's Schedule D, and after adding legal fees, carrying costs, closing charges, and Realtor commissions, it is evident that there is little or no equity for the benefit of other creditors; moreover, Movant, contends that any equity over and above the indebtedness, should it exist, does not constitute adequate protection as contemplated by the U.S. Bankruptcy Code.

10.	The Debtor has failed to timely meet and satisfy the payment requirements with respect to the obligations set forth in the Note.  Movant's indebtedness continues to accrue interest while receiving no payments to protect it against the erosion of its collateral position.  Furthermore, Movant is not otherwise being adequately protected while the Debtor continues to enjoy the benefits of the collateral.

11.	The Debtor filed a Chapter 7 case and therefore, no reorganization is contemplated.

12.	If Movant is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

13.	Movant requests this Court to allow future communications with the Debtor in order to offer and provide information in regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement or other Loan Workout/Loss Mitigation Agreement, and furthermore, to enter into such agreement with the Debtor.  Movant acknowledges that such communications shall be limited and it shall not enforce or threaten to enforce any personal liability against the Debtor that is discharged in this bankruptcy.

14.	Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 10-day stay

period imposed by the order terminating the stay under Fed.R.Bankr.P. 4001(a)(3).

  15 Movant has incurred attorney's fees in the amount of $550.00 and costs in the amount of $150.00 as a result of the necessity of filing this Motion. Said attorney's fees and costs may be recoverable pursuant to state law and the mortgage documents.

  16. Movant has conferred with counsel for the Debtor and the Trustee in an attempt to obtain consent to the filing of this Motion; however, said consent has not been received.

  **WHEREFORE**, Movant prays that this Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and to have such other and further relief as is just.

### **CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

### **CERTIFICATE PURSUANT TO LOCAL RULE 9073-1(D)**

I further certify that I have conferred with opposing counsel in an attempt to resolve these issues without a hearing.

            Florida Default Law Group, P.L.
            Post Office Box 25018
            Tampa, FL 33622-5018
            (813) 251-4766 Ext: 3312

            By: /s/ WAYNE SPIVAK
            Wayne Spivak
            Florida Bar No. 38191
            ATTORNEY FOR JPMORGAN CHASE
            BANK N.A.

B09081554

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Stay have been furnished by regular U.S. Mail to all parties listed below this 15 day of October, 2009.

| | |
|---|---|
| Roberto Fernandez<br>4321 Vineyard Circle<br>Weston, FL 33332 | Gladys Fernandez<br>4321 Vineyard Circle<br>Weston, FL 33332 |
| American Home Mortgage<br>PO Box 660029<br>Dallas, TX 75266-0029 | City of Sunrise<br>PO Box 31432<br>Tampa, FL 33631-3432 |
| Awilda Esteras, Esq.,<br>Adorno & Yoss, LLP<br>2525 Ponce De Leon Blvd, Suite 400<br>Miami, FL 33134 | Savanna Maintenance Association,<br>Processing Center<br>PO Box 169010<br>Miami, FL 33116-9010 |
| Broward County Tax Collector,<br>Government Center Annex<br>115 South Andrews Avenue<br>Suite A100, Ft. Lauderdale, FL 33301 | |

  I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Stay have been furnished by Electronic Mail to all parties listed below this 15 day of October, 2009.

| | |
|---|---|
| Richard J. Adams<br>radamsbkc@bellsouth.net | Leslie S. Osborne, Trustee<br>les@kennethrappaportlawoffice.com |

               Florida Default Law Group, P.L.
               Post Office Box 25018
               Tampa, FL 33622-5018
               (813) 251-4766 Ext: 3312
               By: /s/ WAYNE SPIVAK
               Wayne Spivak
               Florida Bar No. 38191
               ATTORNEY FOR JPMORGAN CHASE
               BANK N.A.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL ACTION

JPMORGAN CHASE BANK N.A.,
    Plaintiff,

vs.    CASE NO.    06-2008-CA-017487
    DIVISION    18

GLADYS FERNANDEZ; ROBERTO R. FERNANDEZ;
INTERNATIONAL FINANCE BANK, A FLORIDA BANKING
INSTITUTION;  STATE OF FLORIDA

    Defendant(s).
_____/

SPACE FOR RECORDING ONLY F.S.§695.26

## FINAL SUMMARY JUDGMENT OF MORTGAGE FORECLOSURE

THIS CAUSE having come to be heard on September 22, 2008 on the MOTION FOR FINAL SUMMARY JUDGMENT OF MORTGAGE FORECLOSURE INCLUDING A HEARING TO TAX ATTORNEYS' FEES AND COSTS filed on behalf of JPMORGAN CHASE BANK N.A., hereinafter referred to as Plaintiff, and the Court having reviewed the pleadings and affidavits filed by Plaintiff, having heard argument of counsel, and being otherwise fully advised in the premises:

ORDERS AND ADJUDGES as follows:

1.    Service of process has been duly and regularly obtained over GLADYS FERNANDEZ; ROBERTO R. FERNANDEZ; INTERNATIONAL FINANCE BANK, A FLORIDA BANKING INSTITUTION; STATE OF FLORIDA;  hereinafter referred to as "Defendants."

2.    The equities of this action are in favor of Plaintiff; Plaintiff is entitled to foreclose and enforce the Mortgage Note and Mortgage. Plaintiff is due:

F08031679-M002400

Exhibit "A"

| | |
|---|---:|
| UNPAID PRINCIPAL BALANCE | $150,250.04 |
| INTEREST THROUGH September 22, 2008 | 9,356.34 |
| PRE-ACCELERATED LATE CHARGES THROUGH April 16, 2008 | 165.72 |
| PROPERTY INSPECTIONS | 0.00 |
| TAXES | 0.00 |
| INSURANCE | 0.00 |
| Appraisal/BPO | 84.00 |
| TITLE SEARCH EXPENSES | 175.00 |
| TITLE EXAMINATION FEE | 150.00 |
| FILING FEE | 264.00 |
| INVESTIGATION/SERVICE OF PROCESS | 315.00 |
| ATTORNEY'S FEE | 1,200.00 |
| TOTAL | $161,960.10 |

3. The Court finds, based upon Florida Statutes §702.065(2) (2006), the affidavits filed herein, inquiry of counsel for Plaintiff, and upon consideration of the legal services rendered, the complexity of the foreclosure action, the amount of time and labor reasonably expended by lawyers in the community in prosecuting routine mortgage foreclosure actions, Florida Default Law Group, P.L.'s, flat fee agreement with its client and Florida law, that the flat fee sought by Florida Default Law Group, P.L., is reasonable and awards a flat fee of One thousand, Two hundred and 00/100 Dollars ($1,200.00).

4. Plaintiff holds a lien for the total sums set forth in Paragraph 2 superior to any claims, interests or estates of Defendant(s) GLADYS FERNANDEZ; ROBERTO R. FERNANDEZ; INTERNATIONAL FINANCE BANK, A FLORIDA BANKING INSTITUTION; STATE OF FLORIDA; and any person or entities claiming by, through, under or against these defendant(s), with the exception of any special assessments that are superior pursuant to Florida Statutes §159 (2006) and/or Florida Statutes §170.09 (2006), on the following-described property located and situated in BROWARD County, Florida:

**LOT 218, BLOCK 2, SECTOR 2 - PARCELS 21B, 22, 23, AND 24, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 168, PAGE 7, PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA**

**A/K/A 1521 WINTERBERRY LANE, FORT LAUDERDALE, FL 33327-2336**

5. If the total sum set forth in Paragraph 2, with interest at the rate prescribed by law **(which is 11 percent per annum)** and all costs of this action accruing subsequent to this Judgment, is not paid prior to the scheduled public sale, the Clerk of this Court shall sell the property described in Paragraph 4 at a public sale on \_\_November 18\_\_, 2008, at 11:00AM, to the highest bidder for cash, except as hereinafter set forth, at IN ROOM 385 AT THE COURTHOUSE in BROWARD County, Florida in accordance with Florida Statutes §45.031 (2006), provided, however, that such sale shall not be held in the absence of Plaintiff's attorney or its representative. The Clerk shall set a sale date between 20 to 35 days from the date of this Judgment.

6. Plaintiff shall advance all subsequent costs of this action in addition to any advances made to preserve its collateral and shall be reimbursed, without further Order of the Court, by the Clerk if Plaintiff is not the purchaser of the property. If Plaintiff is the purchaser, the bid may be assigned without further Order of this Court and the Clerk shall credit the Plaintiff's bid with the total sum set forth in Paragraph 2 above, together with interest as prescribed by law and costs accruing subsequent to this judgment as is necessary to pay the bid in full.

7. On filing the Certificate of Title with respect to the property described in Paragraph 4, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate if Plaintiff is the successful bidder; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, as set forth in Paragraph 2, less the items paid, plus interest at the rate prescribed by law from this date to the date of the sale to Plaintiff. The Clerk shall retain any amount remaining pending the further Order of this Court. Any amounts so retained are to be distributed to each Defendant, as determined by Order of this Court.

8. The successful bidder and purchaser at the foreclosure sale of the real property being foreclosed shall pay, in addition to the amount bid, any documentary stamps and Clerk's fee relating to the issuance of the Certificate of Title to be issued by the Clerk to the successful bidder and purchaser. At the time of the sale the successful high bidder shall post with the Clerk a deposit equal to five percent (5%) of the final bid. The deposit shall be applied to the sale price at the time of payment. If final payment is not made within the prescribed period, the Clerk shall re-advertise the sale as provided in this section, and pay all costs of the sale from the deposit. Any remaining funds shall be applied toward the Judgment.

9. If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this Final Judgment. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than sixty (60) days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

10. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Clerk of the Court, BROWARD County, 201 S.E. Sixth Street

Room 230, Window 10, Fort Lauderdale, FL 33301, Phone: 954-831-6610, within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the Clerk has in the registry of the Court. If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact Coast to Coast Legal Aid of South Florida, Inc. - (954)736-2400, Florida Immigrant Advocacy Center - Miami Office (305)573-1106, Aid Service of Broward County, Inc. - (954)765-8950, to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact Coast to Coast Legal Aid of South Florida, Inc. - (954)736-2400, Florida Immigrant Advocacy Center - Miami Office (305)573-1106, Aid Service of Broward County, Inc. - (954)765-8950, for assistance, you should do so as soon as possible after receipt of this notice.

11. On filing the Certificate of Sale Defendants' Right of Redemption as prescribed by Florida Statutes §45.0315 (2006), shall be terminated. On filing the Certificate of Title with respect to the property described in Paragraph 4 above, the Defendants named herein, and all persons claiming by, through, under or against them since the filing of Notice of Lis Pendens in this action, are foreclosed of all estate, interest or claim in the property described in Paragraph 4, and the purchaser or purchasers at the sale shall be let into possession of the property. The Clerk of the

Circuit Court is Ordered to issue a Writ of Possession upon demand by the purchaser or purchasers.

12. Jurisdiction over this action is retained to enter such further Orders to give Plaintiff adequate and complete relief as may be necessary and proper, including the entry of a deficiency decree if Plaintiff is not limited to in rem stay relief in an active bankruptcy case and/or if borrower(s) has not been discharged in bankruptcy or constructively served, together with additional attorney's fees, if appropriate.

DONE AND ORDERED in Chambers, in BROWARD County, Florida, this 2 2 day of September, 2008.

JUDGE LUZZO

_____
Circuit Judge

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

Copies furnished to:
Ashleigh L. Politano, Esquire
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018

GLADYS FERNANDEZ
1527 Winterberry Lane
Weston, FL 33327-2336

ROBERTO R. FERNANDEZ
1527 Winterberry Lane
Weston, FL 33327-2336

INTERNATIONAL FINANCE BANK, A FLORIDA BANKING INSTITUTION
C/o Legal Department, R.a. 801 Brickell Avenue, Su
Miami,, FL 33131

STATE OF FLORIDA
c/o Michael J. Satz, State Attorney 17th JC, R.A.
201 SE 6th Street Suite 665
Fort Lauderdale,, FL 33301

F08031679, Case No. 06-2008-CA-017487, CHASE-CONV-R-vbonitto